## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| EARL M. WHEBY, JR., Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| RA PHARMACEUTICALS, INC., EDWARD MATHERS, ROBERT HEFT, TIMOTHY PEARSON, RAJEEV SHAH, AOIFE M. BRENNAN, BO CUMBO, and DOUGLAS TRECO, | ) CLASS ACTION ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on October 10, 2019 (the "Proposed Transaction"), pursuant to which Ra Pharmaceuticals, Inc. ("Ra Pharmaceuticals" or the "Company") will be acquired by UCB S.A. ("Parent") and Franq Merger Sub, Inc. ("Merger Sub," and together with Parent, "UCB").

2. On October 9, 2019, Ra Pharmaceuticals' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with UCB. Pursuant to the terms of the Merger Agreement, Ra Pharmaceuticals' stockholders will receive $48.00 in cash for each share of Ra Pharmaceuticals common stock they own.

3. On November 1, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Ra Pharmaceuticals common stock.

9. Defendant Ra Pharmaceuticals is a Delaware corporation and maintains its principal executive offices at 87 Cambridge Park Drive, Cambridge, Massachusetts 02140. Ra Pharmaceuticals' common stock is traded on the NASDAQ Global Select Market under the ticker

symbol "RARX."

10. Defendant Edward Mathers is Chairman of the Board of the Company.

11. Defendant Robert Heft is a director of the Company.

12. Defendant Timothy Pearson is a director of the Company.

13. Defendant Rajeev Shah is a director of the Company.

14. Defendant Aoife M. Brennan is a director of the Company.

15. Defendant Bo Cumbo is a director of the Company.

16. Defendant Douglas Treco is Chief Executive Officer and a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Ra Pharmaceuticals (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

19. This action is properly maintainable as a class action.

20. The Class is so numerous that joinder of all members is impracticable. As of October 8, 2019, there were approximately 47,096,399 shares of Ra Pharmaceuticals common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

21. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

22. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

23. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

24. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

25. Ra Pharmaceuticals is a clinical-stage biopharmaceutical company focused on leading the field of complement biology to bring innovative and accessible therapies to patients with rare diseases.

26. The Company discovers and develops peptides and small molecules to target key components of the complement cascade.

27. The Company's ExtremeDiversity™ platform enables the production of synthetic macrocyclic peptides combining the diversity and specificity of antibodies with the pharmacological properties of small molecules.

28. The Company's phase 3 product candidate, zilucoplan, is a once-daily self-administered, subcutaneous peptide inhibitor of C5.

29. In December 2018, the Company announced positive top-line results from a phase 2 trial of zilucoplan in patients with generalized myasthenia gravis ("gMG"), achieving clinically meaningful and statistically significant reductions in both primary and key secondary endpoints.

30. Zilucoplan is currently being tested in phase 3 for the treatment of gMG with top-line results expected in early 2021. Further indications that are potentially addressable by *zilucoplan* include immune-mediated necrotizing myopathy, amyotrophic lateral sclerosis, and other tissue-based complement-mediated disorders with high unmet medical need.

31. The Company is also developing an extended release formulation of *zilucoplan*, as well as a potential first-in-class oral small molecule C5 inhibitor.

32. On October 9, 2019, Ra Pharmaceuticals' Board caused the Company to enter into the Merger Agreement with UCB.

33. Pursuant to the terms of the Merger Agreement, Ra Pharmaceuticals' stockholders will receive $48.00 in cash for each share of Ra Pharmaceuticals common stock they own.

34. According to the press release announcing the Proposed Transaction:

UCB and Ra Pharmaceuticals Inc. (NASDAQ: RARX, Ra Pharma) announced today their entry into a merger agreement pursuant for which UCB will acquire Ra Pharma. Under the terms of the agreement, Ra Pharma shareholders will receive US$ 48 in cash for each Ra Pharma share at closing. The Boards of Directors of both companies have unanimously approved the transaction, which remains subject to approval by Ra Pharma shareholders and to obtaining antitrust clearance and other customary closing conditions. . . .

Transaction Terms, Approvals and Timing to Close

Upon closing, Ra Pharma shareholders will receive US$48.00 for each Ra Pharma share (approximately US$2.5bn/€2.2bn), which represents a transaction value of approximately US$ 2.1 billion / €2.0 billion, net of Ra Pharma cash. The cash consideration represents an approximately 93% premium to Ra Pharma

shareholders based on the 30-day volume weighted average closing stock price of Ra Pharma prior to signing. The transaction has been unanimously approved by the Boards of Directors of both, UCB and Ra Pharma and remains subject to approval by Ra Pharma shareholders, obtaining anti-trust clearance and other customary closing conditions. UCB and Ra Pharma expect to complete the transaction by the end of Q1 2020.

Funding

The acquisition of Ra Pharma will be financed by a combination of existing cash resources and new bank term loans, arranged and underwritten by BNP Paribas Fortis and Bank of America Merrill Lynch. Pro-forma for this acquisition, UCB's new net debt / rEBITDA ratio would be in the range between 1.5 and 2.0 times with rapid de-leveraging expected allowing UCB to maintain significant balance sheet flexibility. . . .

Advisors

Bank of America Merrill Lynch and Lazard are acting as financial advisors to UCB in relation to the transaction. Covington & Burling LLP is acting as legal advisor to UCB on this transaction.

Centerview Partners is acting as exclusive financial advisor to Ra Pharma on this transaction. Latham & Watkins LLP is acting as legal advisor to Ra Pharma on this transaction.

### *The Proxy Statement Omits Material Information, Rendering It False and Misleading*

35. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

36. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

37. The Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Centerview Partners LLC ("Centerview").

38. With respect to Centerview's Selected Public Company Analysis, the Proxy Statement fails to disclose: (i) Centerview's basis for selecting a reference range of 2023 EV/REV

Multiples of 3.0x to 7.0x; and (ii) the Company's estimated net cash.

39. With respect to Centerview's Selected Precedent Transaction Analysis, the Proxy Statement fails to disclose: (i) Centerview's basis for selecting a reference range of Transaction Values of $1.000 billion to $1.750 billion; and (ii) the Company's estimated net cash.

40. With respect to Centerview's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 11.0% to 13.0%; (ii) the terminal values of the Company; (iii) the tax savings from usage of federal net operating losses and future losses; (iv) the estimated costs associated with a capital raise in 2021; (v) the Company's estimated net cash balance; and (vi) the number of fully-diluted shares of Company common stock.

41. With respect to Centerview's analysis of stock price targets, the Proxy Statement fails to disclose: (i) the price targets observed by Centerview in the analysis; and (ii) the sources thereof.

42. With respect to Centerview's analysis of premiums paid, the Proxy Statement fails to disclose the premiums paid in the transactions observed by Centerview in the analysis.

43. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

44. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Recommendation of the Board and Reasons for the Merger; and (iii) Opinion of Centerview Partners LLC.

45. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Ra Pharmaceuticals

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Ra Pharmaceuticals is liable as the issuer of these statements.

48. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

49. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

50. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

51. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

52. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants acted as controlling persons of Ra Pharmaceuticals within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Ra Pharmaceuticals and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved

in the making of the Proxy Statement.

58. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

59. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 5, 2019                                **RIGRODSKY & LONG, P.A.**

                                                        By: */s/ Gina M. Serra*
                                                        Brian D. Long (#4347)
**OF COUNSEL:**                                         Gina M. Serra (#5387)
                                                        300 Delaware Avenue, Suite 1220
**RM LAW, P.C.**                                        Wilmington, DE 19801
Richard A. Maniskas                                     Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300                         Facsimile: (302) 654-7530
Berwyn, PA 19312                                        Email: bdl@rl-legal.com
Telephone: (484) 324-6800                               Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com                                  *Attorneys for Plaintiff*